■ MARIA E. QUIJIJE, as Administratrix of the Estate of EVA I. CANALES, Deceased, et al., Respondents, v LUTHERAN MEDICAL CENTER, Appellant. — In a wrongful death action, defendant appeals from an order of the Supreme Court, Kings County (Berkowitz, J.), entered July 6, 1982, which granted plaintiffs' motion for leave to serve an amended complaint asserting a cause of action on behalf of plaintiff Quijije, individually, to recover for emotional anguish and distress. Order reversed, on the law, without costs or disbursements, and motion denied. This action to recover damages for wrongful death arises out of the alleged failure of the defendant hospital to render timely medical treatment to the plaintiffs' infant daughter when advance payment therefor could not be made. Special Term granted the plaintiffs' motion for leave to serve an amended complaint asserting a cause of action on behalf of the plaintiff mother, individually, for emotional distress arising out of defendant's purported pay first-treat later policy, without passing upon the viability of that claim. We reverse because the cause of action is patently insufficient in law. The plaintiff mother may not recover for emotional injury arising solely from having to observe her baby suffer and die due to the alleged denial of timely medical treatment (*Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Becker v Schwartz,* 46 NY2d 401; *Howard v Lecher,* 42 NY2d 109; *Friedman v Meyer,* 90 AD2d 511). Nor can the plaintiffs succeed by invoking section 2805-b of the Public Health Law, which requires general hospitals to admit and provide emergency medical treatment to all in immediate need thereof, without advance payment or questioning as to payment. Section 2805-b provides no basis for an action to recover money damages (see *Yates v Cohoes Mem. Hosp.,* 64 AD2d 726, app dsmd 45 NY2d 836). The remedy of an aggrieved individual for violation of said section is a suit for injunctive relief pursuant to section 2801-c of the Public Health Law (see *Matter of Fritz v Huntington Hosp.,* 39 NY2d 339). Moreover, if section 2805-b creates any specific duty at all, such duty would run from the hospital to the individual meeting medical care. The plaintiffs' claim as to any duty arising out of defendant's receipt of funds under the Hill-Burton Hospital Survey and Construction Act (US Code, tit 42, § 291 *et seq.*), is similarly infirm. Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.