■ JOSEPHINE DiGICOMO, Individually and as Executrix of JAMES DiGICOMO, Deceased, Appellant, v ST. JOSEPH'S HOSPITAL AND HEALTH CENTER, Respondent.—Order unanimously affirmed without costs. Memorandum: We affirm for reasons stated by Supreme Court (Hurlbutt, J.). We add only that plaintiff's claim that her husband may have died while being attended by defendant's staff, raised for the first time in the affirmation and brief submitted in opposition to the defendant's motion for summary judgment, is belied by paragraph 22 of plaintiff's verified bill of particulars. Moreover, where an action for the mishandling of a corpse has been permitted, there has been a specific demand for possession of or access to the dead person *(Finley v Atlantic Transp. Co.,* 220 NY 249; *Darcy v Presbyterian Hosp.,* 202 NY 259, *rearg denied* 203 NY 547).* Plaintiff's reliance on Public Health Law § 2805-b is misplaced *(see, Quijije v Lutheran Med. Center,* 92 AD2d 935, *appeal dismissed* 59 NY2d 1025), as is her reliance on the Emergency Medical Treatment and Active Labor Act (Act; 42 USC § 1395dd). The purpose of that Act is to combat the problem of "patient dumping" by hospitals because of an injured patient's financial condition or lack of health insurance *(see, Thornton v Southwest Detroit Hosp.,* 895 F2d 1131; *Nichols v Estabrook,* 741 F Supp 325; Note, *Preventing Patient Dumping: Sharpening the COBRA'S Fangs,* 61 NYU L Rev 1186 [1986]). The interest that Congress sought to protect was not affected by defendant's conduct here. The record does not suggest that plaintiff's husband was denied treatment and

transferred to another hospital for economic reasons. Further, the Act expressly limits the damages in a civil suit to "those damages available for personal injury under the law of the State in which the hospital is located" (42 USC § 1395dd [d] [2] [A]) and, similarly, states that its provisions "do not preempt any State or local law requirement", except to the extent that it may directly conflict with the Act (42 USC § 1395dd [f]). Civil actions under the Act are limited to those in which the plaintiff's personal injury is a direct result of noncompliance *(see, Evitt v University Hgts. Hosp.,* 727 F Supp 495). There is nothing in the Act to suggest that Congress intended to preempt the law of New York, which does not recognize an action for negligent infliction of emotional distress on these facts *(see, Johnson v Jamaica Hosp.,* 62 NY2d 523; *Kalina v General Hosp.,* 13 NY2d 1023; *Jacobs v Horton Mem. Hosp.,* 130 AD2d 546; *Oresky v Scharf,* 126 AD2d 614, *lv denied* 69 NY2d 610, *appeal dismissed* 69 NY2d 868; *Quijije v Lutheran Med. Center,* 92 AD2d 935, *supra).* (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Lawton, Boehm and Davis, JJ.