■ ROSEANNE WHALEN, Respondent, v VICTORY MEMORIAL HOSPITAL et al., Defendants, and RAMON CABANAS, Appellant. —In an action to recover damages for personal injuries arising from medical malpractice, the defendant Ramon Cabanas appeals from an order of the Supreme Court, Kings County (Scholnick, J.), entered October 4, 1990, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against Ramon Cabanas, and the action against the remaining defendants is severed.

This medical malpractice action arose from the allegedly improper performance of an arteriogram by the defendant Dr. Allan Keil. On his motion for summary judgment, the defendant Dr. Ramon Cabanas, the plaintiff's attending physician, submitted, *inter alia,* his affidavit detailing the treatment he rendered to the plaintiff as well as hospital records and deposition testimony to support his allegations. Dr. Cabanas established his entitlement to judgment as a matter of law. Thus, the burden shifted to the plaintiff to respond with rebutting medical evidence demonstrating a departure from accepted medical procedures *(see, Conti v Albany Med. Ctr. Hosp.,* 159 AD2d 772; *Echeverri v Flushing Hosp. & Med. Ctr.,* 123 AD2d 818; *Neuman v Greenstein,* 99 AD2d 1018). The attorney's affirmation submitted by the plaintiff simply failed to meet this burden *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Thompson, J. P., Harwood, Balletta, Rosenblatt and Eiber, JJ., concur.