■ RICHARD BECKER, Appellant, v SMITH-HAVEN MORTGAGE SERVICING CORP., Respondent. [651 NYS2d 118] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), entered November 1, 1995, as denied his motion for partial summary judgment, granted the defendant's cross motion for summary judgment dismissing the complaint, and imposed sanctions on him for frivolous conduct.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 2, 1983, the plaintiff, Richard Becker, and his then wife entered into a contract to purchase a home. The contract was expressly conditioned upon the Beckers obtaining a mortgage within 60 days. They submitted a mortgage application to the defendant. While processing the application, the defendant received a credit report which revealed an open collection account and several outstanding judgments against the plaintiff. The plaintiff was required to resolve the collection matter and obtain satisfactions of all the judgments, but failed to do so. Consequently, the Beckers did not obtain a mortgage commitment within the time period specified in the contract and the sellers exercised their option to cancel, returning the Beckers' down payment. The plaintiff subsequently commenced this action alleging that the defendant did not act "diligently and professionally" in processing the mortgage application. After depositions were held, the plaintiff moved for partial summary judgment and the defendant cross-moved for summary judgment dismissing the complaint and for the imposition of sanctions.

The Supreme Court properly denied the plaintiff's motion

and granted the defendant's cross motion. The evidence clearly demonstrated that the plaintiff, not the defendant, was solely responsible for the failure to timely obtain a mortgage commitment. Further, the court did not improvidently exercise its discretion in imposing sanctions against the plaintiff. The plaintiff's conduct in this litigation was frivolous in that it was "completely without merit in law or fact" (22 NYCRR 130-1.1 [c] [1]). In addition, as found by the court, the papers submitted by the plaintiff in support of his motion were intentionally misleading.

The plaintiff's remaining contentions are not properly before us on this appeal. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.