■ DONNA M. JUBA et al., Respondents, v JOEL BACHMAN, Appellant. [680 NYS2d 626] —In an action to recover damages for dental malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated March 16, 1998, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Donna Marie Juba was a patient of the defendant dentist from 1983 through January 1991 for various treat-

ments on 17 teeth. The treatments included root canals, setting crowns, and tooth extractions. More than two years later, in March 1993, Mrs. Juba returned to the defendant for repair work on one of the previously-treated teeth. In September 1993, the plaintiffs commenced this action, alleging dental malpractice.

The defendant moved, *inter alia*, for summary judgment dismissing the complaint as it related to the treatment performed more than 2½ years before the action was commenced. The defendant also sought dismissal of the complaint as it related to the remaining tooth, which was treated within the limitation period, asserting that the claim had no merit. In opposition, the plaintiff argued that the continuous treatment doctrine tolled the Statute of Limitations until the last treatment was administered by the defendant.

We conclude that the Supreme Court erred in denying that branch of the motion which sought summary judgment based upon the Statute of Limitations. The dental services provided by the defendant did not constitute treatment for purposes of tolling the Statute of Limitations until the date of their last consultation (*see, Wehle v Giovanniello,* 137 AD2d 680). Therefore, all claims predicated upon alleged acts of dental malpractice prior to April 1991 must be dismissed as barred by the Statute of Limitations (*see,* CPLR 214-a).

We also conclude that the affidavit of the defendant doctor, in which he indicates that he did not deviate from accepted standards of medical care as to the remaining tooth, was sufficient to meet his burden as a proponent of a summary judgment motion (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325). The burden then shifted to the plaintiffs to come forward with evidentiary proof in admissible form sufficient to establish the existence of material issues of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). General allegations of negligence unsupported by competent evidence are not sufficient to meet the burden (*Alvarez v Prospect Hosp., supra*). At the very least, some statement of medical expertise was required (*Neuman v Greenstein,* 99 AD2d 1018). Therefore, the defendant is entitled to summary judgment as to the tooth that was treated within the period of limitation.

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.