■ BARBARA A. KREMER, Individually and as Administrator of the Estate of JOSEPH W. KREMER, Deceased, Respondent, v BUFFALO GENERAL HOSPITAL et al., Appellants. [703 NYS2d 622] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff's decedent underwent a second coronary artery bypass surgery at defendant Buffalo General Hospital (Hospital) on February 5, 1993. His initial surgery was in 1982. The surgery was performed by defendant Jacob Bergsland, M.D., the attending physician and a board-certified cardio-thoracic surgeon, who was assisted by defendant Mary Bourland, M.D., a licensed general surgeon in the last few months of a residency in cardio-thoracic surgery. Also present was defendant Greg Lammle, P.A. Dr. Bourland removed several metal wires, present as a result of the prior surgery, and made the first cut in the front of the patient's sternum with a Stryker saw. She then removed more metal wires. As she made the second cut in the back of the sternum, the saw lacerated the right ventricle of the heart, which had adhered to the underside of the sternum. The lacer-

ation was repaired, and the coronary bypass surgery was performed. The patient never regained consciousness and died on February 13, 1993.

Plaintiff commenced this medical malpractice action against the Hospital, Dr. Bergsland and his professional corporation, Jacob Bergsland, M.D., P. C., Buffalo Heart Surgical Associates (BHSA), Dr. Bourland and Lammle. Dr. Bergsland, his professional corporation, BHSA and Lammle moved for summary judgment dismissing the complaint against them. The motion was supported by the affidavit of Dr. Bergsland, as well as the medical records of plaintiff's decedent and Dr. Bergsland's deposition testimony. In his affidavit, Dr. Bergsland detailed the treatment rendered to plaintiff's decedent, and concluded that there were no deviations from good and accepted medical practice. He opined that the heart had adhered to the sternum as a result of lesions and scar tissue that developed subsequent to the prior heart surgery. In opposition to the motion, plaintiff submitted her own affidavit, the affidavit of her attorney, Dr. Bergsland's deposition testimony and the autopsy report and death certificate of plaintiff's decedent.

Lammle established that he was never served in this action. In opposition to the motion, plaintiff failed to raise an issue of fact and failed to address that argument in her brief. Consequently, Lammle must be granted judgment dismissing the complaint against him.

We conclude that Dr. Bergsland, his professional corporation and BHSA met their burden of demonstrating entitlement to summary judgment, thereby shifting the burden to plaintiff to come forward with "rebutting medical evidence demonstrating a departure from accepted medical procedures" (*Whalen v Victory Mem. Hosp.,* 187 AD2d 503; *see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *cf., Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *S'Doia v Dhabhar,* 261 AD2d 968). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp., supra,* at 325). In response to Dr. Bergsland's motion, plaintiff "failed to tender competent medical proof sufficient to establish the existence of a material issue of fact requiring a trial" (*Santangelo v Crouse Med. Group,* 209 AD2d 942, *appeal dismissed* 85 NY2d 905). We modify the order, therefore, by granting the motion of Dr. Bergsland, his professional corporation, BHSA and Lammle and dismissing the complaint against them.

The court properly denied the cross motion of Dr. Bourland and the Hospital. Although Dr. Bergsland opined in his affidavit that Dr. Bourland had not deviated from the standards of good medical care, his deposition testimony, submitted by plaintiff, establishes that he did not observe Dr. Bourland's technique in opening the sternum, nor does his affidavit indicate that his opinion is based upon a review of the records in this case. Consequently, Dr. Bourland and the Hospital failed to meet their burden of demonstrating entitlement to judgment, requiring denial of the cross motion.

All concur, Callahan, J., not participating. (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.