■ JENNIFER CURCIO, Respondent, v J.P. HOGAN CORING & SAWING CORP. et al., Appellants. BARON ASSOCIATES, P.C., Nonparty Respondent. [756 NYS2d 269] —In an action, inter alia, to recover damages for employment discrimination, the defendants appeal from so much of an order of the Supreme Court, Kings County (Garry, J.), dated March 20, 2002, as denied that branch of their motion which was pursuant to 22 NYCRR 130.1-1 to impose a sanction upon the plaintiff and/or her attorney and for an award of costs, disbursements, and attorney's fee incurred in connection with that branch of their motion which was to vacate a judgment entered pursuant to CPLR 5003-a.

Ordered that the order is modified, on the facts and as a

matter of discretion, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to 22 NYCRR 130.1-1 to impose a sanction upon the plaintiff's attorney and for an award of costs, disbursements, and attorney's fee, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the matter is remitted to the Supreme Court, Kings County, for a hearing pursuant to 22 NYCRR 130-1.1 to determine the amount of the defendants' costs, disbursements, and attorney's fee incurred on the motion to vacate the judgment, including the reasonable attorney's fee incurred in pursuing this appeal, and to determine the amount of the sanction to be imposed, all to be personally paid by the law firm of Baron Associates, P.C.

On or about December 28, 2001, Baron Associates, P.C. (hereinafter Baron Associates), counsel for the plaintiff, sought a judgment on behalf of the plaintiff pursuant to CPLR 5003-a upon a purported oral settlement of this action. Although the record contains a December 28, 2001, affidavit of service upon them of the application for judgment and supporting documents, the defendants denied receipt thereof. On January 7, 2002, judgment was entered against the defendants. The defendants moved to vacate the judgment, and pursuant to 22 NYCRR 130-1.1, to impose a sanction upon the plaintiff and/or her counsel and for an award of costs, disbursements, and an attorney's fee, alleging that no settlement had, in fact, been reached. The Supreme Court vacated the judgment but otherwise denied the motion.

Under the circumstances of this case, the conduct of Baron Associates was frivolous because it was without merit in law and involved the assertion of misleading factual statements to the Clerk of the Supreme Court (see 22 NYCRR 130-1.1 [c] [1], [3]). Given the defendants' December 7, 2001, undisputed written rejection of the proffered settlement documents, Baron Associates cannot have held a good faith belief that the matter had actually been settled. Moreover, the settlement documents submitted to the Clerk of the Supreme Court did not comply with the requirements of CPLR 2104. The plaintiff failed to allege or prove that the terms of the settlement were undisputed, or that she had been misled or deceived, or justifiably relied upon an oral settlement agreement to her detriment. Therefore, the plaintiff was not entitled to a judgment, whether or not it was upon notice to the defendants (see CPLR 2104, 5003-a [a]; *Smith v Lefrak Org.,* 142 AD2d 725 [1988]; *Sirota v Kloogman,* 140 AD2d 426 [1988]). Moreover, the statement in the affirma-

tion of a Baron Associates attorney made in support of the judgment that "heretofore [the parties] agreed to settle the instant litigation for a figure of $25,000.00" was intentionally misleading to the Clerk of the Supreme Court. Baron Associates knew that the defendants had rejected the plaintiff's settlement documents. Such conduct was frivolous (*see* 22 NYCRR 130-1.1 [c] [3]; *Becker v Smith-Haven Mtge. Servicing Corp.*, 234 AD2d 406 [1996]; *cf., Dime Sav. Bank of N.Y. v Zangiacomi*, 225 AD2d 515 [1996]). Finally, the arguments advanced by Baron Associates in opposition to the defendants' motion to vacate were utterly devoid of merit, failed to address the applicable statutory and case law, and were advanced, once their lack of merit was apparent, for the purpose of delaying the vacatur of judgment (*see* 22 NYCRR 130-1.1 [c] [1]; *Matter of Parkside Ltd. Liab. Co.*, 294 AD2d 582 [2002]).

Since the record establishes that it was the plaintiff's counsel who committed the frivolous conduct, we direct that, upon the determination by the Supreme Court of the appropriate amount of the award of sanction, costs, disbursements, attorney's fee, the law firm of Baron Associates personally pay the award (*see* 22 NYCRR 130-1.1 [b]; *DeFoe v Bankers Trust Co.*, 179 AD2d 737 [1992]). Altman, J.P., Smith, McGinity and Townes, JJ., concur.