■ JEAN ELLEN GARGIULO, Respondent, v ALAN C. GEISS, Appellant. [836 NYS2d 276]—

In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated March 13, 2006, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this medical malpractice action to recover damages for personal injuries allegedly sustained as a result of the defendant's negligent laparoscopic surgical repair and post-operative treatment of the plaintiff's hernia. The defendant moved for summary judgment and the Supreme Court denied his motion on the ground that it was improperly supported by his own affidavit and the uncertified medical records of the plaintiff's treating neurologist.

"On a motion for summary judgment dismissing the complaint in a medical malpractice action, 'the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby' " (*Chance v Felder*, 33 AD3d 645, 645 [2006], quoting *Williams v Sahay*, 12 AD3d 366, 368 [2004]). "Once the defendant has made a prima facie showing, the burden shifts to

the plaintiff to lay bare his or her proof and demonstrate the existence of a triable issue of fact" (*Chance v Felder, supra* at 645-646). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]; *see Jonassen v Staten Is. Univ. Hosp.,* 22 AD3d 805, 806 [2005]).

The Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. As the defendant correctly contends, he properly relied on his own expert's affidavit in support of his motion (*see e.g. Juba v Bachman,* 255 AD2d 492, 493 [1998]; *Whalen v Victory Mem. Hosp.,* 187 AD2d 503 [1992]). Through the plaintiff's medical records, the defendant's deposition testimony, and his expert affidavit, the defendant established his entitlement to judgment as a matter of law (*see DiMitri v Monsouri,* 302 AD2d 420, 421 [2003]; *cf. Kearse v New York City Tr. Auth.,* 16 AD3d 45, 47 n 1 [2005]). In opposition, the affidavit of the plaintiff's expert contained only conclusory opinions regarding the defendant's alleged negligence which were insufficient to raise a triable issue of fact (*see DiMitri v Monsouri, supra*). Additionally, the affidavit did not even address the issue of the defendant's alleged negligent post-operative treatment of the plaintiff's hernia (*see Wilson v Buffa,* 294 AD2d 357, 358 [2002]). Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.