■ STEVEN STARR et al., Appellants, v SCOTT ROGERS, Respondent. [843 NYS2d 371]—

In an action, inter alia, to recover damages for dental malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered December 9, 2005, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court entered May 10, 2006, which denied their motion to enforce a purported oral stipulation of settlement.

Ordered that the orders are affirmed, with one bill of costs.

On December 2, 1996 the then-46-year-old plaintiff Steven Starr (hereinafter the plaintiff), exhibiting numerous missing and broken teeth and periodontal disease, first visited the defendant dentist Dr. Scott Rogers for dental treatment. During the course of his several intermittent treatments of the plaintiff from 1996 to May 22, 2003, the defendant performed various

dental procedures. Dissatisfied with the services, the plaintiff and his wife, the plaintiff Denise Starr, derivatively, commenced the instant action on or about February 19, 2004, inter alia, to recover damages for dental malpractice, claiming that the defendant departed from accepted dental and medical standards.

The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint on the grounds, inter alia, that any claim to recover damages for dental malpractice relating to treatment rendered prior to August 24, 2001 was barred by the statute of limitations, and the defendant established as a matter of law that he did not depart from the requisite standard of care.

After argument on the motion for summary judgment, but before the court determined the motion, the plaintiffs' counsel and the defendant's insurance representative orally agreed to settle the matter. The plaintiffs moved to enforce this purported oral stipulation of settlement. The Supreme Court denied the plaintiffs' motion to enforce the purported oral stipulation of settlement, finding that it was not binding on the defendant since the agreement did not comply with CPLR 2104. We agree, and affirm both orders.

To be enforceable, stipulations of settlement must conform to the requirements of CPLR 2104 (see DeVita v Macy's E., Inc., 36 AD3d 751 [2007]; Marpe v Dolmetsch, 256 AD2d 914 [1998]; cf. Conlon v Concord Pools, 170 AD2d 754, 754-755 [1991]). Pursuant to CPLR 2104, a stipulation of settlement is not enforceable unless it is made in open court, reduced to a court order and entered, or contained in a writing subscribed by the parties or their attorneys (see Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 285 [2004]; Matter of Dolgin Eldert Corp., 31 NY2d 1, 8-9 [1972]). Contrary to the plaintiffs' contention, the defendant should not be estopped from asserting noncompliance with CPLR 2104 as a ground to preclude enforcement of the purported oral stipulation of settlement since there is no indication that the plaintiffs were misled by the purported oral stipulation of settlement or detrimentally relied upon its terms (see Curcio v Hogan Coring & Sawing Corp., 303 AD2d 357, 357-358 [2003]; Greenidge v City of New York, 179 AD2d 386, 387 [1992]; Busshart v Park, 171 AD2d 1079 [1991]; Van Syckle v Powers, 106 AD2d 711, 712-713 [1984]; cf. Lowe v Steinman, 284 AD2d 506, 507-508 [2001]; Smith v Lefrak Org., 142 AD2d 725 [1988]). Accordingly, the Supreme Court properly denied the plaintiffs' motion to enforce the purported oral stipulation of settlement.

As to the defendant's alleged departures from accepted dental

practices, "[o]n a motion for summary judgment dismissing the complaint in a medical [or dental] malpractice action, 'the defendant doctor [or dentist] has the initial burden of establishing the absence of any departure from good and accepted medical [or dental] practice or that the plaintiff was not injured thereby' " (*Chance v Felder,* 33 AD3d 645, 645 [2006], quoting *Williams v Sahay,* 12 AD3d 366, 368 [2004]; *see Gargiulo v Geiss,* 40 AD3d 811 [2007]; *Alvarado v Miles,* 32 AD3d 255, 257 [2006]). "General allegations of medical [or dental] malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical [or dental] malpractice, are insufficient to defeat defendant physician's [or dentist's] summary judgment motion" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]; *see Kremer v Buffalo Gen. Hosp.,* 269 AD2d 744, 745 [2000]; *Juba v Bachman,* 255 AD2d 492, 493 [1998]).

The Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint. The defendant established his prima facie entitlement to judgment as a matter of law through the submission of, inter alia, his own expert affidavit, his deposition testimony, and the plaintiff's medical and dental records (*see Gargiulo v Geiss,* 40 AD3d at 812; *Juba v Bachman,* 255 AD2d at 492; *Whalen v Victory Mem. Hosp.,* 187 AD2d 503 [1992]). In opposition, the affidavit of the plaintiffs' expert contained only conclusory opinions regarding the defendant's alleged negligence, and was thus insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Gargiulo v Geiss,* 40 AD3d at 812; *DiMitri v Monsouri,* 302 AD2d 420, 421 [2003]).

The plaintiffs' remaining contention is without merit. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.