■ BARBARA D. CYGAN, as Executrix of STANLEY G. CYGAN, JR., Deceased, Respondent, v KALEIDA HEALTH et al., Appellants, and DENNIS B. CHUGH, M.D., et al., Appellants-Respondents. [857 NYS2d 869]—

Appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered August 27, 2007 in a medical malpractice and wrongful death action. The order denied defendants' motions for summary judgment dismissing the complaint and cross claims against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion of defendants Kaleida Health and Arthur E. Orlick, M.D. in part and dismissing the third and fourth causes of action and the claim for punitive damages against those defendants, and by granting the motion of defendants Dennis B. Chugh, M.D., Suburban Cardiology, P.C., Janerio D. Aldridge, M.D., Buffalo Thoracic Surgery Associates, P.C., Michael J. Krabak, M.D., Century Medical Associates, P.C. and Pamela L. Stevens, M.D. in part and dismissing the complaint and cross claims against defen-

dants Michael J. Krabak, M.D., Century Medical Associates, P.C. and Pamela L. Stevens, M.D. and as modified the order is affirmed without costs.

Memorandum: Plaintiff, as executrix of the estate of Stanley G. Cygan, Jr. (decedent), commenced this medical malpractice and wrongful death action alleging, inter alia, that certain defendants failed to perform or to permit other defendants to perform surgery for decedent's heart condition and failed to obtain and provide necessary medication to permit that surgery to go forward. Defendants contend on appeal that Supreme Court erred in denying their respective motions for summary judgment dismissing the complaint and cross claims against them.

We note at the outset that the first and second causes of action properly sound only in medical malpractice rather than ordinary negligence. A cause of action "sounds in medical malpractice rather than ordinary negligence where the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Toepp v Myers Community Hosp.*, 280 AD2d 921 [2001], quoting *Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]; *see Megally v LaPorta*, 253 AD2d 35, 39-40 [1998]). Here, the first and second causes of action seek to recover for acts that "constituted an integral part of the process of rendering medical treatment" to decedent and thus must be characterized as causes of action for medical malpractice only (*Scott v Uljanov*, 74 NY2d 673, 675 [1989]).

With respect to the third cause of action, we further note that, as plaintiff correctly concedes, Public Health Law § 2805-b "provides no basis for an action to recover money damages" (*Quijije v Lutheran Med. Ctr.*, 92 AD2d 935 [1983], *appeal dismissed* 59 NY2d 1025 [1983]), nor is there a cause of action against a private physician under the Emergency Medical Treatment and Active Labor Act ([EMTALA] 42 USC § 1395dd; *see DiGicomo v St. Joseph's Hosp. & Health Ctr.*, 182 AD2d 1106 [1992]; *Reynolds v Mercy Hosp.*, 861 F Supp 214, 220-221 [1994]). Plaintiff thus correctly concedes that the court erred in denying the motion of defendants Kaleida Health and Arthur E. Orlick, M.D. (collectively, Kaleida defendants) for summary judgment dismissing those parts of the third cause of action. We agree with the Kaleida defendants that the court also should have granted that part of their motion with respect to the remainder of that cause of action. "Pursuant to EMTALA, a hospital must provide an appropriate medical screening examination of an individual presented to the hospital's emergency

medical department to determine whether an emergency medical condition exists" (*Lear v Genesee Mem. Hosp.*, 254 AD2d 707, 708 [1998], *lv dismissed* 92 NY2d 1045 [1999]). Here, the third cause of action does not allege that decedent was present in a hospital emergency room or in transit thereto during the periods of time at issue in this action, and thus the court was required to dismiss that claim as well. We therefore modify the order accordingly.

We also agree with the Kaleida defendants that the court erred in denying that part of their motion with respect to the cause of action for gross negligence and the claim for punitive damages. Here, the negligence alleged "does not approach the [requisite] level of gross indifference to patient care necessary to support" such a cause of action and claim (*Pascazi v Pelton*, 210 AD2d 910, 910 [1994]; *see Gauger v Ghaffari*, 8 AD3d 968 [2004]). We therefore further modify the order accordingly.

Contrary to the further contention of the Kaleida defendants, however, the court properly denied that part of their motion with respect to the medical malpractice cause of action against them. The Kaleida defendants are correct that liability for medical malpractice may not be imposed absent a physician-patient relationship, either express or implied, because "there is no legal duty in the absence of such a relationship" (*Garofalo v State of New York*, 17 AD3d 1109, 1110 [2005], *lv denied* 5 NY3d 707 [2005]; *see Gedon v Bry-Lin Hosps.*, 286 AD2d 892, 893-894 [2001], *lv denied* 98 NY2d 601 [2002]; *Hickey v Travelers Ins. Co.*, 158 AD2d 112, 116 [1990]). Such a relationship, however, "is created when the professional services of a physician are rendered to and accepted by another person for the purposes of medical or surgical treatment" (*Lee v City of New York*, 162 AD2d 34, 36 [1990], *lv denied* 78 NY2d 863 [1991]; *see Zimmerly v Good Samaritan Hosp.*, 261 AD2d 614 [1999]).

Although the Kaleida defendants met their initial burden with respect to the medical malpractice cause of action against them by submitting the deposition testimony of Orlick in which he stated that he did not have a physician-patient relationship with decedent, plaintiff raised an issue of fact by submitting evidence that tended to establish that Orlick, as director of cardiac surgery for Kaleida Health, affirmatively directed the cancellation of decedent's previously scheduled surgery. Liability may be imposed upon nontreating physicians in "situations of joint action in diagnosis or treatment or some control of the course of treatment of one by the other" (*Graddy v New York Med. Coll.*, 19 AD2d 426, 429 [1963]; *see generally Kavanaugh v Nussbaum*, 71 NY2d 535, 547 [1988]). Here, "the record contains evidence

that [Orlick] had 'more than an informal interest and involvement in [decedent]'s condition' . . . and thus there is an issue of fact concerning [Orlick]'s level of participation in [decedent]'s treatment" (*Campbell v Haber*, 274 AD2d 946, 947 [2000]).

The remaining defendants (collectively, treating physicians) contend on appeal that the court erred in denying those parts of their motion with respect to the medical malpractice cause of action against them, as well as the fifth cause of action, for wrongful death, against them. We agree in part. The treating physicians met their initial burden on their motion by establishing that they acted in accordance with accepted standards of medical practice in the field of cardiac care (*see generally Santangelo v Crouse Med. Group*, 209 AD2d 942 [1994], *appeal dismissed* 85 NY2d 905 [1995]), thereby shifting the burden to plaintiff "to respond with rebutting medical evidence demonstrating a departure from accepted medical procedures" (*Whalen v Victory Mem. Hosp.*, 187 AD2d 503 [1992]). We conclude, however, that plaintiff submitted expert medical proof in opposition to the motion raising a triable issue of fact whether defendants Dennis B. Chugh, M.D., Suburban Cardiology, P.C., Janerio D. Aldridge, M.D. and Buffalo Thoracic Surgery Associates, P.C. committed medical malpractice, and thus the court properly denied the motion of the treating physicians for summary judgment dismissing the first and fifth causes of action against those defendants. Plaintiff failed, however, to submit evidence raising a triable issue of fact with respect to the remaining treating physicians, and we therefore conclude that the court erred in denying those parts of the motion of the treating physicians for summary judgment dismissing the complaint and cross claims against the remaining treating physicians. We therefore further modify the order accordingly.

We have reviewed defendants' remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.