# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

986

CA 11-02234

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

LARINDA WATSON, INDIVIDUALLY AND AS LIMITED
ADMINISTRATOR OF THE ESTATE OF TUCKER S.
WATSON, DECEASED, PLAINTIFF-RESPONDENT,

                V                               MEMORANDUM AND ORDER

JONES MEMORIAL HOSPITAL, ET AL., DEFENDANTS,
AND FITZGERALD A. HUDSON, M.D.,
DEFENDANT-APPELLANT.

---

NOTARO, LAING & NAVARRO P.C., BUFFALO (LINDA C. LAING OF COUNSEL), FOR
DEFENDANT-APPELLANT.

DWYER, BLACK & LYLE, LLP, OLEAN (JEFFREY A. BLACK OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

    Appeal from an order of the Supreme Court, Allegany County
(Thomas P. Brown, A.J.), entered May 27, 2011. The order, inter alia,
denied the cross motion of defendant Fitzgerald A. Hudson, M.D. to
dismiss plaintiff's claim for punitive damages.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum: In this medical malpractice action, Fitzgerald A.
Hudson, M.D. (defendant) appeals from an order that, inter alia,
denied his cross motion to dismiss plaintiff's claim for punitive
damages. Contrary to defendant's contention, Supreme Court properly
denied the cross motion. "Punitive damages may be awarded when a
defendant's conduct is so reckless or wantonly negligent as to be the
equivalent of a conscious disregard of the rights of others" (*Dumesnil
v Proctor & Schwartz*, 199 AD2d 869, 870; *see Gauger v Ghaffari*, 8 AD3d
968, 968). Here, plaintiff alleged in the complaint, as amplified by
the certificate of merit and the bill of particulars, that defendant
practiced medicine with a fraudulently-obtained license that had been
issued based upon his misrepresentations that he had graduated from
college and completed a medical residency program, from which he had
in fact been expelled; that, after providing medical care to decedent,
he was barred from the practice of medicine because he had been found
to be grossly negligent and grossly incompetent in his treatment of
other patients; and that he had prescribed a drug to decedent with a
reckless disregard of its side effects and its danger to a person with
decedent's medical history. "Punitive or exemplary damages have been
allowed in cases where the wrong complained of is morally culpable, or

is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future" (*Walker v Sheldon*, 10 NY2d 401, 404).  Here, the allegations are sufficient to state a claim for such damages (*cf. Cygan v Kaleida Health*, 51 AD3d 1373, 1375).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  November 9, 2012                          Frances E. Cafarell
                                                    Clerk of the Court