# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**415**
**CA 16-01390**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

FRANK P. CZERESZKO,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                             MEMORANDUM AND ORDER

STEVE A. PROCOPIO, JR., D.D.S., AND STEVE A.
PROCOPIO, JR., D.D.S., P.C.,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

SNYDER LAW FIRM, PLLC, SYRACUSE (DAVID B. SNYDER OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, LLP, ALBANY (JOHN W.
VANDENBURGH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered November 13, 2015. The order, among other things, granted in part and denied in part the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this dental malpractice action seeking damages for injuries allegedly arising from, inter alia, the perforation of one of plaintiff's teeth and the failure of Steve A. Procopio, Jr., D.D.S. (defendant) to recognize and treat the perforation. Defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved pursuant to CPLR 3126 for sanctions for the alleged spoliation of evidence and for partial summary judgment. Plaintiff appeals and defendants cross-appeal from an order that granted defendants' motion in part and dismissed the complaint with respect to three specific claims underlying plaintiff's malpractice cause of action, and denied plaintiff's cross motion in its entirety. We affirm.

We note at the outset that plaintiff appealed from only that part of the order "awarding [defendants] partial summary judgment." Thus, we agree with defendants that plaintiff waived his right to appeal from that part of the order that denied his cross motion. " 'An appeal from only part of an order constitutes a waiver of the right to appeal from the other parts of that order' " (*Johnson v Transportation Group, Inc.*, 27 AD3d 1135, 1135; *see Shumway v Kelley*, 60 AD3d 1457, 1459).

We reject plaintiff's contention that Supreme Court erred in granting defendants' motion for summary judgment in part because plaintiff raised issues of fact with the submission of an expert affidavit in opposition.  As the proponent of a motion for summary judgment in this dental malpractice action, defendants had the initial burden of establishing as a matter of law that there was no departure from accepted standards of care or that plaintiff was not injured thereby (*see Terranova v Finklea*, 45 AD3d 572, 572; *Starr v Rogers*, 44 AD3d 646, 647-648).  Defendants did so by submitting plaintiff's medical records and defendant's own affidavit, which was " 'detailed, specific and factual in nature' " (*Webb v Scanlon*, 133 AD3d 1385, 1386).  In his affidavit, defendant described his treatment of plaintiff's tooth and explained the absence of any deviations from accepted standards of care with respect to the manner in which he performed such treatment (*see id.; Starr*, 44 AD3d at 648).  The affidavit of plaintiff's dental expert offered in opposition set forth only generalized, conclusory and speculative opinions with respect to three specific claims at issue, and thus it was insufficient to raise a triable issue of fact with respect to those claims (*see Snyder v Simon*, 49 AD3d 954, 956).

We reject defendants' contention on their cross appeal that the court should have granted their motion in its entirety.  We conclude that the conflicting expert affidavits raise issues of fact with respect to whether defendant deviated from the accepted standards of care by failing to take an X ray after the February 23, 2007 post and crown placement procedure; failing to recommend X ray studies to plaintiff between February 23, 2007 and March 3, 2011 and failing to document plaintiff's refusal of those studies; and failing to identify and treat, or refer for treatment, a perforation of plaintiff's tooth that was allegedly depicted in an X ray film taken on March 3, 2011, and which allegedly caused plaintiff to sustain bone loss requiring multiple subsequent procedures (*see generally Florio v Kosimar*, 79 AD3d 625, 626).

Entered:  April 28, 2017                      Frances E. Cafarell
                                              Clerk of the Court