Grammatico v Lamar (2024 NY Slip Op 00719)

Grammatico v Lamar

2024 NY Slip Op 00719

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1040 CA 23-00087

[*1]ROBYN GRAMMATICO AND LOUIS GRAMMATICO, PLAINTIFFS-APPELLANTS,
v
JAMES R. LAMAR, D.M.D., FRANK R. LAMAR, JR., D.D.S., ELMWOOD DENTAL GROUP-IMPLANT AND RESTORATION, P.C., AND ELMWOOD DENTAL GROUP-FAMILY, P.C., DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

GERARD A. STRAUSS, NORTH COLLINS, FOR PLAINTIFFS-APPELLANTS.
ADDELMAN CROSS & BALDWIN, PC, BUFFALO (KARA M. ADDELMAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Monroe County (Craig J. Doran, J.), entered November 30, 2022. The order granted the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first and third causes of action against defendants James R. Lamar, D.M.D., Elmwood Dental Group-Implant and Restoration, P.C., and Elmwood Dental Group-Family, P.C., and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this dental malpractice action seeking damages for injuries allegedly sustained by Robyn Grammatico (plaintiff) as a result of defendants' negligence during treatment of plaintiff, including extraction of a tooth in March 2016. In appeal No. 1, plaintiffs appeal from an order that granted defendants' motion for summary judgment dismissing the complaint. In appeal No. 2, plaintiff appeals from an order that denied her motion to settle the record on appeal in appeal No. 1.
Preliminarily, in appeal No. 2, plaintiff contends that Supreme Court improperly excluded necessary and relevant documents from the record on appeal in appeal No. 1. We reject that contention. The reply affidavit of defendant Frank R. Lamar, Jr., D.D.S., was withdrawn at oral argument, and therefore it was not a document "upon which the . . . order [in appeal No. 1] was founded" (CPLR 5526; see Greater Buffalo Acc. & Injury Chiropractic, P.C. v Geico Cas. Co., 175 AD3d 1100, 1101-1102 [4th Dept 2019]). Further, defendants' memorandum of law, which may be included in the record on appeal "only for the limited purpose of determining whether the contentions on appeal are preserved for our review" (Town of West Seneca v Kideney Architects, P.C., 187 AD3d 1509, 1510 [4th Dept 2020]), is not necessary here, and the correspondence between the parties and the court is not relevant to any of the issues in appeal No. 1.
With respect to appeal No. 1, plaintiffs first contend that the court erred in dismissing the first cause of action, for negligence and medical malpractice. We agree in part. On that part of their motion for summary judgment dismissing the first cause of action, defendants "had the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause [plaintiff's] injuries" (Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1469 [4th Dept 2020] [internal quotation marks omitted]). Defendants met that burden through the submission of the affidavits of defendants James R. Lamar, D.M.D., and Frank R. Lamar, Jr., D.D.S., which contained [*2]"opinion evidence . . . based on facts in the record or personally known to the witness[es]" (Tirado v Koritz, 156 AD3d 1342, 1344 [4th Dept 2017] [internal quotation marks omitted]) and were " 'detailed, specific and factual in nature' and addresse[d] [each of] plaintiff[s'] specific factual claim[s] of negligence" (Campbell v Bell-Thomson, 189 AD3d 2149, 2150 [4th Dept 2020]; see Czereszko v Procopio, 149 AD3d 1531, 1532 [4th Dept 2017]).
The burden then shifted to plaintiffs to raise a triable issue of fact by submitting " 'evidentiary facts or materials to rebut the prima facie showing by the defendant[s]' beyond mere '[g]eneral allegations of medical malpractice' " (Webb v Scanlon, 133 AD3d 1385, 1386-1387 [4th Dept 2015], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]). Plaintiffs met that burden with respect to defendants James R. Lamar, Elmwood Dental Group-Implant and Restoration, P.C., and Elmwood Dental Group-Family, P.C., through the submission of an expert affidavit opining that defendant James R. Lamar deviated from the applicable standard of care while performing the March 2016 procedure on plaintiff, causing injuries to her. Where, as here, "a nonmovant's expert affidavit 'squarely opposes' the [affidavits] of the moving parties' expert[s], the result is 'a classic battle of the experts' " (Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]), which should be determined by the trier of fact. This is not a case in which plaintiffs' expert "misstate[d] the facts in the record, nor is the affidavit vague, conclusory, [or] speculative" (id. [internal quotation marks omitted]).
Plaintiffs did not meet their burden with respect to defendant Frank R. Lamar, Jr., however, inasmuch as their expert affidavit did not provide an opinion that defendant Frank R. Lamar, Jr. deviated from the applicable standard of care (see Emerson v Kaleida Health, 217 AD3d 1540, 1541 [4th Dept 2023]).
We therefore modify the order in appeal No. 1 by denying defendants' motion in part and reinstating the first cause of action and the third cause of action, for loss of consortium, against defendants James R. Lamar, Elmwood Dental Group-Implant and Restoration, P.C., and Elmwood Dental Group-Family, P.C.
Plaintiffs also contend that the court erred in dismissing the second cause of action, for lack of informed consent. We reject that contention. The complaint alleged that plaintiff underwent a procedure in March 2016, which included a tooth extraction, and that defendants "failed to provide proper informed consent for the procedure at issue." In support of their motion for summary judgment made following discovery, defendants, inter alia, submitted the written informed consent form for the March 2016 procedure, signed by plaintiff. Plaintiffs then opposed the part of defendants' motion that sought to dismiss the cause of action for lack of informed consent by arguing that there was no consent for a separate procedure that defendant James R. Lamar performed in September 2016, which also included a tooth extraction. That is a new theory of recovery, and thus could not be raised to defeat defendants' motion (see generally DeMartino v Kronhaus, 158 AD3d 1286, 1287 [4th Dept 2018]). We note that plaintiffs did not move to amend the complaint or bill of particulars to include allegations pertaining to the September 2016 procedure. We conclude that the court did not err in granting defendants' motion with respect to the second cause of action.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court