SECOND DEPARTMENT, JULY, 1990

(July 2, 1990)

■ MARJORIE BIENZ, Individually and as Executrix of HA-

ROLD T. BIENZ, Deceased, Respondent, v CENTRAL SUFFOLK HOSPITAL et al., Defendants, and VICTOR N. AMBRUOSO, Appellant.—In a medical malpractice action, *inter alia,* to recover damages for wrongful death, the defendant Victor Ambruoso appeals from an order of the Supreme Court, Suffolk County (Copertino, J.), dated March 16, 1989, which denied his motion for partial summary judgment dismissing the complaint insofar as it is asserted against him with respect to allegations of malpractice occurring before October 9, 1982, at 12:00 A.M.

Ordered that the order is affirmed, with costs.

The question presented on appeal, as it is phrased by the appellant in his brief, is "[w]hether a telephone call to a physician's office for the purpose of initiating treatment is sufficiently *[sic]* to create a physician-client relationship". The appellant's argument is based on his assertion that, as a matter of law, such a communication is insufficient to create the sort of physician-patient relationship which is necessary in order to support a medical malpractice cause of action. We agree with the Supreme Court that this assertion is incorrect.

As noted by the Supreme Court in its decision, it was not entirely clear "what was actually said to decedent and his wife, [and] what reliance they could have reasonably placed in [appellant] as the result of their conversations with him". A medical malpractice cause of action may be based on allegations that a physician negligently gave advice to his patient as to what course of treatment to pursue. Whether the physician's giving of advice furnishes a sufficient basis upon which to conclude that an implied physician-patient relationship had arisen is ordinarily a question of fact for the jury *(see, Hickey v Travelers Ins. Co.,* 158 AD2d 112; *Tolisano v Texon,* 144 AD2d 267, 278, *revd on other grounds* 75 NY2d 731; *Twitchell v MacKay,* 78 AD2d 125; *O'Neill v Montefiore Hosp.,* 11 AD2d 132).

Since the appellant failed to prove, as a matter of law, that no physician-patient relationship had arisen at the time of the alleged malpractice, this and the remaining issues of fact present in the case should be resolved by a jury. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.