■ DANIEL CINTRON, an Infant, by His Mother and Natural Guardian, MARIA BULTRON, Appellant, v NEW YORK MEDICAL

COLLEGE FLOWER AND FIFTH AVENUE HOSPITALS et al., Respondents. [597 NYS2d 705] —Order, Supreme Court, New York County (Lewis R. Friedman, J.), entered December 31, 1991, which, insofar as appealed from, granted defendant-respondent Dr. Gilbert Ortiz's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In those cases in which this Court has found a physician-patient relationship between an "on call" attending physician and a "service" patient *(Chang v Frigeri,* 176 AD2d 643; *Dillon v Silver,* 134 AD2d 159), treatment was either required by hospital rules or in fact undertaken by the physician. Here, it is undisputed that the rules and custom of the particular hospital required only that the "on call" physician consult with the attending physicians. This defendant-respondent did when, advised by phone that labor had become arrested, he concurred that a Caesarean section should be performed immediately. Plaintiff does not argue that this advice was unsound, and the argument that he does make—that defendant was under a duty to attend this mother in the hospital after giving this advice—is without merit *(Kleinert v Begum,* 144 AD2d 645). Concur—Sullivan, J. P., Ross, Kassal and Nardelli, JJ.