(December 21, 1999)

■ RHINA ROJAS, an Infant, by BEATRICE ROJAS, Her Parent and Natural Guardian, et al., Respondents, v ROBERT J. McDONALD et al., Defendants, and FRANCIS A. PFLUM, Appellant. [701 NYS2d 21] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about April 8, 1999, which, in

an action for podiatric malpractice arising out of plaintiff's visit to defendant pursuant to plaintiff's health insurer's second opinion program, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

An issue of fact exists as to whether defendant affirmatively advised plaintiff to undergo the allegedly injurious surgery and whether plaintiff reasonably relied on such advice, such that an implied physician/patient relationship resulted between the parties (see, Heller v Peekskill Community Hosp., 198 AD2d 265; Lee v City of New York, 162 AD2d 34; Hickey v Travelers Ins. Co., 158 AD2d 112, 116). Such factual issue is raised by, in particular, the depositions of the infant plaintiff's mother, and, curiously, a representative of the health insurer for whose sole benefit defendant claims he gave his opinion that the surgery was indicated, who testified that the requirement of a second opinion was primarily for the benefit of the insured, who was "free to accept or reject the second opinion's advice" and who would have been reimbursed for the surgery even if the second opinion provider had recommended against it; that the second opinion provider, without limitation or any guidelines from the insurer, is supposed to discuss with the insured the risks and benefits of proposed surgery, just as he would with any other patient; and that the insurer does not convey to the insured the second opinion provider's findings which are considered by the insurer to be a matter between the second opinion provider and the insured. An issue of fact also exists, raised by the conflicting opinions of the parties' medical experts, as to whether the alleged advice to undergo the surgery was malpractice. In the latter regard, the motion court properly entertained the affidavit of plaintiff's expert that, in the form presented to defendant, was redacted so as to conceal the expert's name (see, Carrasquillo v Rosencrans, 208 AD2d 488). While the redacted affidavit also concealed the expert's qualifications, information to which defendant is entitled prior to trial under CPLR 3101 (d) (1) (i), nevertheless, this omission did not render the affidavit insufficient to defeat the motion, where defendant had not requested expert disclosure pursuant to CPLR 3101 (d) (1) (i) and the court examined the unredacted affidavit in camera. Nor is there merit to defendant's argument that there should be a framed-issue hearing under CPLR 3212 (c) on whether the parties were in a physician/patient relationship and whether defendant "rendered an appropriate consultation" (see, Farkas v Saary, 191 AD2d 178). Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.