■ HELENA RAPTIS-SMITH, Plaintiff, v ST. JOSEPH'S MEDICAL CENTER et al., Defendants, D.O.C.S./BETH ISRAEL MEDICAL CENTER, Respondent, and JONATHAN DAVIS, M.D., et al., Appellants. (And Third-Party Actions.) [755 NYS2d 384] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 24, 2001, which, in an action for medical malpractice, granted motions to compel a further examination before trial of defendant-appellant, and denied appellant's cross motion for, inter alia, summary judgment dismissing all claims against him, unanimously affirmed, without costs.

The IAS court correctly held that appellant's reading of plaintiff's X rays did not relate to any quality assurance review function of defendant hospital, where the X rays were taken, and that information pertaining to such reading is therefore not immune from disclosure under Education Law § 6527 (3) and Public Health Law § 2805-m. As the IAS court explained,

the conclusion that appellant's reading of plaintiff's X rays was an integral part of plaintiff's treatment, and not a quality assurance review function, is sufficiently demonstrated, for purposes of disclosure, by the fact that appellant was plaintiff's sole provider of radiology services, and thus could not have been reviewing any other radiologist's work.

Appellant's cross motion for summary judgment was properly denied, there being an issue of fact as to whether there was a physician-patient relationship between appellant and plaintiff. An implied physician-patient relationship can arise when a physician gives advice to a patient, even if the advice is communicated through another health care professional (*see Cogswell v Chapman*, 249 AD2d 865). It is not necessary that a radiologist see, examine, take a history of or treat a patient in rendering medical services (*cf. Fredericks v North Gen. Hosp.*, 289 AD2d 126). Appellant's contract with defendant hospital, under which he was to interpret X rays for purposes of quality review, does not necessarily resolve this issue of fact in his favor, given the evidence tending to show that he rendered a diagnostic opinion. We have considered and rejected appellant's other arguments. Concur—Nardelli, J.P., Mazzarelli, Buckley, Williams and Lerner, JJ.