■ John Clarke, an Incapacitated Person, by Mamie Massenburg and Another, as Coguardians, Appellant-Respondent, v Union Hospital of the Bronx et al., Defendants, Natividad R. Ramirez, M.D., Respondent-Appellant, and Dorothy Panio, as Executor of Joseph Panio, M.D., Deceased, Respondent. [774 NYS2d 530]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 16, 2002, which granted the motion of defendants-respondents insofar as to direct that defendant Dorothy Panio, sued as executrix of the estate of Joseph Panio, M.D., be awarded summary judgment dismissing the complaint as against her, but denied the motion insofar as it sought summary judgment dismissing the complaint as against defendant Natividad Ramirez, M.D., unanimously modified, on the law, to deny the motion with respect to defendant Panio and reinstate the action as against her, and otherwise affirmed, without costs.

Plaintiff sues to recover damages for brain damage he allegedly sustained in utero by reason of hypoxia attributable to a delayed cesarean section. According to the complaint, the cesarean section was delayed because the hospital anesthesiologist on call at the time, defendant Dr. Ramirez, did not answer her beeper and the then chief of the hospital's anesthesiology department, Dr. Panio, upon being advised that Dr. Ramirez had not responded when called, failed to arrange for timely alternative coverage.

Dr. Ramirez's contention that plaintiff's malpractice action against her must be dismissed because plaintiff's mother, although admitted to defendant hospital, never actually became her patient is without merit. On the present record, there are triable issues presented as to whether Dr. Ramirez, as the on-call anesthesiologist, had a duty to respond when called upon to assist in a surgical procedure performed upon a hospital service patient (see Cintron v New York Med. Coll. Flower & Fifth Ave. Hosps., 193 AD2d 551, 552 [1993]; Dillon v Silver, 134 AD2d 159 [1987]); whether, if there was such a duty, Dr. Ramirez's performance of it was negligent; and whether any such negligence proximately caused plaintiff's harm.

There are also triable issues as to whether Dr. Panio committed malpractice and as to whether any such malpractice was a substantial factor in bringing about plaintiff's harm. The evidence upon the motion, including portions of plaintiff's mother's hospital record admissible as business records (see CPLR 4518 [a]; Mayblum v Schwarzbaum, 253 AD2d 380, 381 [1998]), supports inferences to the effect that Dr. Panio, as chief of the anesthesiology department at defendant hospital, was obligated to arrange for anesthesiological coverage at procedures involving hospital service patients; that, upon being advised that the on-call anesthesiologist was not responding and that there was thus an immediate unmet need for anesthesiological coverage at an emergency cesarean section, he initially failed to arrange for

such coverage and only did so after the intercession of a hospital administrator; that the cesarean section was consequently delayed; and that, by reason of such delay, plaintiff sustained the injuries for which he now seeks to recover. Triable issues have also been raised as to whether Dr. Panio's decision to anesthetize plaintiff's mother by administering a spinal block rather than a general anesthetic further delayed the operative procedure and was medically appropriate under circumstances that Dr. Panio himself in his preoperative note described as emergent. Accordingly, the action as against Dr. Panio's estate must be reinstated.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Andrias, J.P., Ellerin, Lerner and Gonzalez, JJ.