■ Brian D. Wallenquest, Respondent, v Brookhaven Memorial Hospital Medical Center et al., Defendants, and Richard Rubenstein, Appellant. [813 NYS2d 484]—

In an action to recover damages for medical malpractice, the defendant Richard Rubenstein appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 3, 2004, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent, Lauranne Wallenquest, was treated by the defendant Richard Rubenstein for a pulmonary embolism from about December 21, 1999 through December 24, 1999 at the defendant Brookhaven Memorial Hospital Medical Center. After discharge from the hospital, she was again seen by Dr. Rubenstein at his office on December 27, 1999. On January 3, 2000 Dr. Rubenstein was notified that Ms. Wallenquest would not be keeping a scheduled follow-up appointment, and instead planned to see her internist, the defendant David Goldstein. Ms. Wallenquest was seen by Dr. Goldstein several times between the end of December 1999 and early January 2000. She died on January 14, 2000.

On his motion for summary judgment, Dr. Rubenstein satisfied his prima facie burden of demonstrating his entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]) by the submission of an expert's affirmation setting forth that Dr. Rubenstein followed acceptable procedure, and that no causal link existed between any act or omission by him and the patient's subsequent death (*see Denenberg v North Shore Univ. Hosp.,* 292 AD2d 493 [2002]). However, contrary to Dr. Rubenstein's contention, the plaintiff, via submission of a competing expert's affirmation, raised a triable issue of fact relating to whether Dr. Rubenstein deviated from acceptable medical practice and whether such departures (together with departures later committed by Dr. Goldstein) proximately caused Ms. Wallenquest's death. In this regard, we reject Dr. Rubenstein's argument that the plaintiff's expert's affirmation was conclusory and of no evidentiary value (*cf. Gage v Dutkewych,* 3 AD3d 629, 631 [2004]; *Brosnan v Shafron,* 278 AD2d 442 [2000]). Moreover, drawing all reasonable inferences from the affirmation of the plaintiff's expert in the plaintiff's favor (*see Clarke v Union Hosp. of Bronx,* 6 AD3d 229, 230 [2004]), one could reasonably infer a nexus between the alleged departures from acceptable medical practice and Ms. Wallenquest's subsequent death. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.