■ ZARAIZ SANTOS et al., Respondents, v MARK A. ROSING, M.D., et al., Defendants, and FRANK ALLEN, M.D., Appellant. [875 NYS2d 59]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 25, 2008, which granted plaintiffs' motion for reargument, and, upon reargument, denied the motion of defendant Allen Frank, M.D., sued herein as Frank Allen, M.D., for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

The court correctly found, upon reargument of defendant's motion for summary judgment, that the evidence submitted by plaintiffs raised an issue of fact that precluded summary judgment. The motion was based on defendant's factual contention that he never provided any prenatal treatment to plaintiff mother and was never consulted by any of the medical personnel who rendered care and treatment to her during her prenatal visits or during her labor and delivery. However, a certified nurse midwife testified that she had consulted and collaborated with the attending physician in the labor and delivery department when plaintiff presented there a week before she experienced placental abruption, and the medical record identifies defendant as the attending physician that day. This evidence raises the issues whether the midwife consulted with defendant concerning the treatment of plaintiff and, if so, whether an implied physician-patient relationship arose from the consultation (*see Raptis-Smith v St. Joseph's Med. Ctr.*, 302 AD2d 246 [2003]; *Cogswell v Chapman*, 249 AD2d 865, 866-867 [1998]; *see also* Education Law § 6951).

Since defendant's motion was based solely on his assertion that he did not render any treatment to plaintiff, the burden did not shift to plaintiffs to submit evidence to raise issues of fact as to compliance with the standard of care and proximate cause (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). In any event, however, the motion court properly granted reargument to consider plaintiffs' expert's affirmation, which had been submitted initially in redacted form (*see Mattis v Keen, Zhao*, 54 AD3d 610, 611-612 [2008]), and the affirmation was sufficient to raise said issues of fact (*see Cruz v St. Barnabas Hosp.*, 50 AD3d 382 [2008]).

We have considered defendant's remaining contention and find it without merit. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Moskowitz and Renwick, JJ.