■ PENNY ROGERS et al., Respondents, v ALVIN MALONEY, M.D., et al., Defendants, and WILLIAM SHERMAN, M.D., Appellant. [909 NYS2d 592]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered August 11, 2009 in a medical malpractice action. The order denied the motion of defendant William Sherman, M.D. for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action to recover damages for injuries sustained by Penny Rogers (plaintiff), allegedly as a result of postsurgical care and treatment provided by defendants. The surgery was performed by defendant Alvin Maloney, M.D., a gynecologist. While plaintiff was still hospitalized after the surgery, she developed a urologic complication involving her right kidney. Maloney discussed plaintiff's urologic condition with defendant William Sherman, M.D., a urologist. Following that discussion, Maloney prepared a progress note in plaintiff's hospital chart stating that he had "discussed the right [kidney complication] with Dr. Sherman, urologist, who advised that nothing need be done immediately—do IVP in one month." At his deposition, Sherman testified that any conversation he had with Maloney regarding plaintiff would have been a "curbside consultation," i.e., a "very brief, informal consult." Maloney consulted with Sherman while he was at the hospital as an attending physician making rounds on his own admitted patients. Sherman also testified that he intended that Maloney would rely upon the information he provided concerning plaintiff's care and treatment. Maloney testified at his own deposition that he relied upon Sherman's advice in developing a treatment plan for plaintiff.

Sherman moved for summary judgment dismissing the complaint against him on the ground that his involvement with plaintiff's case, through his discussion with Maloney, was insufficient to create a physician-patient relationship that would support a finding of medical malpractice liability. We conclude that Supreme Court properly denied the motion. We note at the outset that " '[w]hether the physician's giving of advice furnishes a sufficient basis upon which to conclude that an implied physician-patient relationship had arisen is ordinarily a question of fact for the jury' " (*Cogswell v Chapman*, 249 AD2d 865, 866 [1998]). We reject Sherman's contention that the absence of a "formal consultation" conclusively establishes that no physician-patient relationship was created. Such a relationship may be established by evidence demonstrating that a physi-

cian gave advice to a patient by communicating through another health care professional (see *Campbell v Haber*, 274 AD2d 946, 946-947 [2000]).

Here, Sherman communicated advice through Maloney, another physician, and Sherman intended that such advice would be relied upon by Maloney in the care and treatment of plaintiff (see generally *Cogswell*, 249 AD2d at 866). Indeed, Maloney did rely upon Sherman's advice. We note that Sherman never met plaintiff or conducted a physical examination of her, and he never reviewed her medical history, hospital chart, lab work or radiologic studies. We nevertheless conclude, however, that "the totality of the [evidence] before [the c]ourt" demonstrated that Sherman "had more than an informal interest and involvement in plaintiff's condition and that an issue of fact exists" with respect to the creation of an implied physician-patient relation between Sherman and plaintiff, especially in light of Sherman's expertise in the field of urology and Maloney's lack of expertise in that area (*id.* at 867). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.