In a consolidated action, inter alia, to recover damages for medical malpractice, the defendant Carmen Seastres Hermoso, as administrator of the estate of Luz Seastres-Ahmed, appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated March 20, 2012, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
Ordered that the order is affirmed, with costs.
The plaintiff was born preterm at St. Mary’s Hospital of Brooklyn (hereinafter St. Mary’s Hospital) on April 8, 1999, and placed in the neonatal intensive care unit for suspected sepsis and transient tachypnea, or respiratory distress. Two days after *985 her birth, on the afternoon of April 10, 1999, the plaintiff suffered a seizure, and was transferred to another hospital. At the time of the plaintiffs birth and admission, Luz Seastres-Ahmed, now deceased, was the attending neonatologist on call at St. Mary’s Hospital. In 2008, the plaintiff, by her mother, commenced this medical malpractice action against St. Mary’s Hospital and the administrator of Luz Seastres-Ahmed’s estate (hereinafter the defendant administrator). The action was subsequently consolidated with a second action commenced against another physician. The plaintiffs mother alleged, inter alia, that the seizure suffered by the plaintiff on April 10, 1999, was caused by low electrolyte levels, and that the failure to order continuous blood electrolyte testing was a departure from good and accepted medical practice. After depositions had been conducted, the defendant administrator moved for summary judgment on the sole ground that Seastres-Ahmed had provided no care or treatment to the plaintiff during the period of her admission to St. Mary’s Hospital, and thus had no physician-patient relationship with the plaintiff that would give rise to a duty of care. The Supreme Court denied the motion.
Liability for medical malpractice may not be imposed in the absence of a physician-patient relationship (see Cygan v Kaleida Health, 51 AD3d 1373, 1375 [2008]; Gullo v Vassar Bros. Hosp., 282 AD2d 708, 709 [2001]; Zimmerly v Good Samaritan Hosp., 261 AD2d 614 [1999]). A physician-patient relationship is created when professional services are rendered and accepted for purposes of medical or surgical treatment (see Cygan v Kaleida Health, 51 AD3d at 1375; Glasheen v Long Is. Diagnostic Imaging, 303 AD2d 365, 366-367 [2003]; Zimmerly v Good Samaritan Hosp., 261 AD2d at 614). An implied physician-patient relationship can arise when a physician gives advice to a patient, even if the advice is communicated through another health care professional (see Raptis-Smith v St. Joseph’s Med. Ctr., 302 AD2d 246, 247 [2003]; Campbell v Haber, 274 AD2d 946, 947 [2000]; Cogswell v Chapman, 249 AD2d 865 [1998]). Whether a physician’s proffer of advice furnishes a sufficient basis upon which to conclude that an implied physician-patient relationship has arisen is ordinarily a question of fact for a jury (see Rogers v Maloney, 77 AD3d 1427, 1428 [2010]; Campbell v Haber, 274 AD2d at 947; Cogswell v Chapman, 249 AD2d at 866; Bienz v Central Suffolk Hosp., 163 AD2d 269, 270 [1990]; see also Tom v Sundaresan, 107 AD3d 479 [2013]).
Here, in support of her motion for summary judgment, the defendant administrator submitted evidence, including the deposition testimony of the codefendant physician and the infant *986 plaintiffs hospital chart, that contains notations indicating that Seastres-Ahmed was contacted twice regarding the plaintiffs care. The defendant administrator’s own submissions raised triable issues of fact as to whether an implied physician-patient relationship arose because Seastres-Ahmed may have communicated advice regarding the plaintiffs care to another physician (see Rogers v Maloney, 77 AD3d at 1428-1429; Santos v Rosing, 60 AD3d 500 [2009]; Campbell v Haber, 274 AD2d at 947; Cogswell v Chapman, 249 AD2d at 867). The defendant administrator’s submissions also failed to eliminate all triable issues of fact as to what action, if any, a neonatologist on call was required to take when contacted regarding an infant in the neonatal intensive care unit, pursuant to the rules and customs of St. Mary’s Hospital (see Clarke v Union Hosp. of Bronx, 6 AD3d 229 [2004]; Gier v CGF Health Sys., 307 AD2d 729 [2003]; Dillon v Silver, 134 AD2d 159, 162 [1987]; cf. Cintron v New York Med. Coll. Flower & Fifth Ave. Hosps., 193 AD2d 551 [1993]).
Since the defendant administrator failed to establish her prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied her motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zapata v Buitriago, 107 AD3d 977 [2013]; Navarra v Four Winds Hospital-Westchester, 95 AD3d 850, 851 [2012]). Eng, P.J., Balkin, Lott and Roman, JJ., concur.