■ PAUL PIZZO-JULIANO et al., Respondents, v SOUTHSIDE HOSPITAL et al., Defendants, and EDWARD JOHN BIENIEWICZ, Appellant. [10 NYS3d 572]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Edward John Bieniewicz appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated December 23, 2013, which denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

In April 2004, the plaintiff Paul Pizzo-Juliano (hereinafter the infant plaintiff), then two years of age, was bitten on his face by a dog and was taken to the emergency room at Southside Hospital. During the course of several hours in the emergency room, the infant plaintiff's wound was irrigated with saline by emergency room staff while they waited for a plastic surgeon to arrive. The on-call plastic surgeon was the defendant Edward John Bieniewicz (hereinafter the defendant). However, the defendant, who allegedly was on Fire Island at the time, never came to the hospital and a physician's assistant sutured the infant plaintiff's face.

The infant plaintiff, by his mother Vicki Pizzo, and the mother individually (hereinafter together the plaintiffs), commenced an action against Southside Hospital and North Shore-Long Island Health System, and commenced a separate action against the defendant. The Supreme Court consolidated the actions. The plaintiffs allege, inter alia, that the defendant had a duty as the on-call plastic surgeon for Southside Hospital to

evaluate and treat emergency room patients and that his failure to do so resulted in the infant plaintiff's wounds being sutured by a physician's assistant, resulting in scarring, pain, and suffering. After depositions of the infant plaintiff's mother and the emergency room physician were conducted, but before the defendant was deposed, the defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion. The defendant appeals.

"In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Shaffer v Gilberg*, 125 AD3d 632, 634 [2015]). " 'A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)' " (*Kamchi v Weissman*, 125 AD3d 142, 150 [2014], quoting *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Sokol v Leader*, 74 AD3d at 1181-1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). In a case where a defendant has submitted evidentiary material in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), the motion must be denied " 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " (*Sokol v Leader*, 74 AD3d at 1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d at 275).

Summary judgment, in contrast to a motion to dismiss, is designed to expedite civil cases by eliminating claims which can properly be resolved as a matter of law (*see Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). It is a drastic remedy which "should only be employed when there is no doubt as to the absence of triable issues" (*id.* at 364). On a motion for summary judgment, the party seeking judgment as a matter of law has the burden of tendering evidentiary proof in a form admissible at trial to show the absence of triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The failure to eliminate all material issues of fact results in the denial

of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

In support of his motion, the defendant argued that no physician-patient relationship existed that gave rise to any duty, as he did not examine or treat the infant plaintiff and did not dispense any medical advice on which anyone relied. Certainly, for there to be a cause of action sounding in medical malpractice, a physician-patient relationship must exist that gives rise to a duty of care (*see Cohen v Cabrini Med. Ctr.*, 94 NY2d 639, 642 [2000]; *Baker v Inamdar*, 99 AD3d 742, 744 [2012]), and the absence of such a relationship precludes the cause of action (*see Fox v Marshall*, 88 AD3d 131, 138 [2011]).

The physician-patient relationship is typically created when "professional services of a physician are rendered to and accepted by another person for the purposes of medical or surgical treatment" (*Cygan v Kaleida Health*, 51 AD3d 1373, 1375 [2008] [internal quotation marks omitted]). However, the law also recognizes circumstances where the existence of a physician-patient relationship is implied by circumstances. "An implied physician-patient relationship can arise when a physician gives advice to a patient, even if the advice is communicated through another health care professional" (*Thomas v Hermoso*, 110 AD3d 984, 985 [2013]; *see Raptis-Smith v St. Joseph's Med. Ctr.*, 302 AD2d 246, 247 [2003]).

The Supreme Court properly denied the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him. The defendant, in his role as the on-call plastic surgeon for Southside Hospital, allegedly made a medical determination over the phone that the infant plaintiff's facial laceration was not an emergency requiring his expertise as a board-certified plastic surgeon. The defendant's determination allegedly resulted in the suturing of the wound, without sedation, by a physician's assistant, beyond the time frame that was medically advisable and which resulted in scarring. Pursuant to CPLR 3211, the defendant failed to establish that the plaintiff did not have a cause of action based on a lack of duty. Pursuant to CPLR 3212, the defendant failed to establish, prima facie, that he owed no duty to the infant plaintiff as the hospital's on-call plastic surgeon (*see Thomas v Hermoso*, 110 AD3d at 986; *Clarke v Union Hosp. of Bronx*, 6 AD3d 229, 230 [2004]; *Dillon v Silver*, 134 AD2d 159 [1987]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dillon, Hall and Miller, JJ., concur.