Blau v Benodin (2021 NY Slip Op 00408)





Blau v Benodin


2021 NY Slip Op 00408


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-01241
 (Index No. 32669/14)

[*1]Carol Blau, etc., respondent, 
v
Les Benodin, etc., et al., appellants, et al., defendants.


Goldberg Segalla LLP, White Plains, NY (William T. O'Connell of counsel), for appellants Les Benodin and Imaging on Call, LLC.
O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for appellant John Koliopoulos.
Raskin & Morelli, LLP, New York, NY (Rosary Morelli of counsel), for appellant
Good Samaritan Hospital of Suffern, N.Y.
Leav & Steinberg, LLP, New York, NY (Philip R. Papa of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants Les Benodin and Imaging on Call, LLC, appeal, the defendant John Koliopoulos separately appeals, and the defendant Good Samaritan Hospital of Suffern, N.Y. separately appeals, from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated December 31, 2016. The order, insofar as appealed from by the defendants Les Benodin and Imaging on Call, LLC, denied those branches of their motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them. The order, insofar as appealed from by the defendant John Koliopoulos, denied those branches of the motion of the defendants John Koliopoulos, Keith Cartmill, and Rupert E. Evans which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against the defendant John Koliopoulos. The order, insofar as appealed from by the defendant Good Samaritan Hospital of Suffern, N.Y. denied those branches of its motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from by the defendants Les Benodin and Imaging on Call, LLC, on the law, and those branches of their motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them are granted; and it is further,
ORDERED that the order is affirmed insofar as appealed from by defendant John Koliopoulos and the defendant Good Samaritan Hospital of Suffern, N.Y.; and it is further,
ORDERED that one bill of costs is awarded to the defendants Les Benodin and Imaging on Call, LLC, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant John Koliopoulos and the defendant Good Samaritan Hospital of Suffern, [*2]N.Y.
Over the course of November 3 and 4, 2012, Joshua Blau (hereinafter the decedent) made two visits to the emergency room at the defendant Good Samaritan Hospital of Suffern, N.Y. (hereinafter Good Samaritan). During those visits, the decedent was seen by the defendants Keith Cartmill and Rupert E. Evans. Evans testified at his deposition that he had a conversation with the defendant John Koliopoulos, who worked in the emergency room, about the decedent but could not recall the conversation. Additionally, the defendant Les Benodin, working for the defendant Imaging on Call, LLC (hereinafter Imaging on Call), prepared a preliminary report of a CT scan taken of the decedent's abdomen and pelvis on November 3, 2012. The decedent died at his home on November 5, 2012, of "[a]cute cardiorespiratory failure due to acute myocardial infarct due to hypertensive cardiovascular disease and cardiomegaly (cor bovinum) associated with multiple bilateral pulmonary infarcts due to bilateral pulmonary thromboemboli due to deep venous thromboses of left lower extremity."
Carol Blau, as the administratrix of the decedent's estate (hereinafter the plaintiff), subsequently commenced this action against, among others, Benodin, Koliopoulos, Cartmill, Evans, Imaging on Call, and Good Samaritan, to recover damages for medical malpractice, lack of informed consent, and wrongful death. Koliopoulos, Cartmill, and Evans moved for summary judgment dismissing the complaint insofar as asserted against them. Benodin and Imaging on Call separately moved for summary judgment dismissing the complaint insofar as asserted against them. Good Samaritan separately moved for summary judgment dismissing the complaint insofar as asserted against it.
The Supreme Court granted those branches of the separate motions which were for summary judgment dismissing the cause of action alleging lack of informed consent and denied the remaining branches of the defendants' separate motions. Benodin and Imaging on Call appeal. Koliopoulos separately appeals. Good Samaritan separately appeals.
"Liability for medical malpractice may not be imposed in the absence of a physician-patient relationship" (Thomas v Hermoso, 110 AD3d 984, 985). "A physician-patient relationship is created when professional services are rendered and accepted for purposes of medical or surgical treatment" (id. at 985). "An implied physician-patient relationship can arise when a physician gives advice to a patient, even if the advice is communicated through another health care professional" (id.). "Whether a physician's proffer of advice furnishes a sufficient basis upon which to conclude that an implied physician-patient relationship has arisen is ordinarily a question of fact for a jury" (id.).
"Medical malpractice actions require proof that the defendant physician deviated or departed from the accepted community standards of practice, and that such deviation . . . was a proximate cause of the plaintiff's injuries" (Dixon v Chang, 163 AD3d 525, 526 [internal quotation marks omitted]). "When moving for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (id. at 526-527 [internal quotation marks omitted]). "Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, . . . but only as to the elements on which the defendant met the prima facie burden" (id. at 527 [internal quotation marks omitted]). "Where a defendant makes a prima facie showing on both elements, the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Gilmore v Mihail, 174 AD3d 686, 687 [internal quotation marks omitted]).
Here, we disagree with the Supreme Court's determination that there were triable issues of fact precluding summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against Benodin and Imaging on Call. Benodin and Imaging on Call demonstrated, prima facie, that Benodin did not depart from the applicable standard of care, and that his actions were not a proximate cause of the decedent's injuries (see Dixon v Chang, 163 AD3d at 526-527). In opposition, the plaintiff failed to raise a triable issue of fact on the issue of causation (see Gilmore v Mihail, 174 AD3d at 687). Accordingly, the court [*3]should have granted those branches of the motion of Benodin and Imaging on Call which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them.
We agree with the Supreme Court's determination that there were triable issues of fact precluding summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against Koliopoulos and Good Samaritan. In light of Evans's testimony regarding his conversation with Koliopoulos concerning the decedent, Koliopoulos did not demonstrate, prima facie, that he did not have an implied physician-patient relationship with the decedent (see Thomas v Hermoso, 110 AD3d at 985; Bienz v Central Suffolk Hosp., 163 AD2d 269, 270). Nor did Dr. Koliopoulos demonstrate, prima facie, that he did not depart from the applicable standard of care or that any such departure did not proximately cause the decedent's injuries (see Dixon v Chang, 163 AD3d at 526-527). As Koliopoulos did not "make a prima facie showing of entitlement to judgment as a matter of law," it is unnecessary to examine the sufficiency of the plaintiff's papers in opposition to Koliopoulos's motion (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The remaining contentions of Koliopoulos and Good Samaritan are without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court