Schwartz v Mount Sinai Hosp. (2022 NY Slip Op 05384)

Schwartz v Mount Sinai Hosp.

2022 NY Slip Op 05384

Decided on September 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 29, 2022

Before: Acosta, P.J., Mazzarelli, Gesmer, González, Pitt, JJ. 

Index No. 805218/21 Appeal No. 16299-16299A Case No. 2022-00754, 2022-00770 

[*1]Laurens R. Schwartz, Plaintiff-Appellant,
v
Mount Sinai Hospital et al., Defendants-Respondents. 

Laurens R. Schwartz, New York, appellant pro se.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Nicholas Tam of counsel), for respondents.

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 22, 2021, dismissing the complaint as against defendant Dr. David L. Reich, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 9, 2021, which, inter alia, granted defendants' motion to dismiss the complaint as against defendant Dr. Reich, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The complaint alleges a medical malpractice claim against the two physician defendants who participated in plaintiff's operation, but not against Dr. Reich, Mount Sinai Hospital's President and Chief Operating Officer. Since there is no allegation that Dr. Reich ever rendered treatment to plaintiff or had a doctor-patient relationship with him, plaintiff could not state a cognizable medical malpractice claim against him (see Thomas v Hermoso, 110 AD3d 984, 985 [2d Dept 2013]). Plaintiff's respondeat superior claim against Dr. Reich was properly dismissed for failure to state a viable cause of action (CPLR 3211[a][7]). "[D]irectors or officers are not subject to personal liability for the torts of corporation employees simply because the directors or officers hold corporate office" (Doe v Bloomberg L.P., 36 NY3d 450, 460-461 [2021]). The complaint fails to allege any act of negligence by Dr. Reich in connection with plaintiff's treatment that would warrant imposition of vicarious liability against him for the alleged negligent acts of other doctors (see Concha v Local 1115 Empls. Union Welfare Trust Fund, 216 AD2d 348, 351 [2d Dept 1995]; Ellis v Brookdale Hosp. Med. Ctr., 122 AD2d 19, 19-20 [2d Dept 1986]). To the extent the remaining causes of action in the complaint were asserted against Dr. Reich, they do not state cognizable causes of action against him and therefore were properly dismissed.
Supreme Court properly denied plaintiff's cross motion for a default judgment because Dr. Reich's pre-answer motion to dismiss was timely filed (CPLR 308[2]; 320[a]). Plaintiff's cross motion for a stay of discovery was also properly denied as all discovery issues can be resolved at the court ordered preliminary conference.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2022