Martinez v NYC Health & Hosps. Corp. (2024 NY Slip Op 00186)

Martinez v NYC Health & Hosps. Corp.

2024 NY Slip Op 00186

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-07240
 (Index No. 713092/21)

[*1]Myrian Martinez, etc., respondent, 
v
NYC Health and Hospitals Corporation, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Tahirih M. Sadrieh, Richard Dearing, and Claude S. Platton of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated August 30, 2021. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint is granted.
The decedent died on April 9, 2020, from COVID-19. The plaintiff, individually and as the proposed administrator of the decedent's estate, commenced this action against the defendants, the healthcare facilities that treated the decedent before his death, asserting causes of action to recover damages for medical malpractice and wrongful death, among other things. The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint, asserting immunity under the Emergency or Disaster Treatment Protection Act (hereinafter the EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1), which, as relevant here, immunized healthcare facilities from civil liability for certain acts or omissions in the treatment of patients for COVID-19 during the period of the COVID-19 emergency declaration (see id.; Mera v New York City Health & Hosps. Corp., 220 AD3d 668; Ruth v Elderwood at Amherst, 209 AD3d 1281, 1282-1283). The Supreme Court, among other things, denied that branch of the motion, and the defendants appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Watts v City of New York, 186 AD3d 1577, 1578; see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88). "At the same time, defendants bear the burden of establishing that the complaint fails to state a viable cause of action" (Connolly v Long Is. Power Auth., 30 NY3d 719, 728). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7) (see CPLR 3211[c]). If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Sokol v Leader, 74 AD3d 1180, 1181-1182, quoting Guggenheimer v [*2]Ginzburg, 43 NY2d 268, 275; see Pizzo-Juliano v Southside Hosp., 129 AD3d 695, 696). Since the evidentiary material is received for "a limited purpose only, serving normally to remedy defects in the complaint," dismissal pursuant to CPLR 3211(a)(7) is warranted only where the evidentiary material "conclusively establish[es] that [the plaintiff] has no cause of action" (Rovello v Orofino Realty Co., 40 NY2d 633, 636; see Lawrence v Graubard Miller, 11 NY3d 588, 595; Guggenheimer v Ginzburg, 43 NY2d at 275).
Here, the plaintiff alleges that the decedent was diagnosed with COVID-19 after arriving at Elmhurst Hospital on March 30, 2020, and that he died from COVID-19 on April 9, 2020. The defendants' submissions, including the complaint and the transcript of the plaintiff's hearing pursuant to General Municipal Law § 50-h, conclusively established that the defendants were entitled to immunity under the EDTPA (see Public Health Law former § 3082; Mera v New York City Health & Hosps. Corp., 220 AD3d 668; Ruth v Elderwood at Amherst, 209 AD3d at 1291). As the complaint makes no allegations that the defendants' acts or omissions constituted willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm, none of the exceptions to the immunity provisions of EDTPA apply (see Public Health Law former § 3082[2]).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court