Mathura v Makaryus (2025 NY Slip Op 02063)

Mathura v Makaryus

2025 NY Slip Op 02063

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2020-04441
 (Index No. 604216/16)

[*1]Pamela Mathura, etc., respondent, 
v
Mina Makaryus, etc., defendant, Elena A. Schmuter, etc., et al., appellants.

Gabriele & Marano, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellant Elena Schmuter, Kerley, Walsh, Matera & Cinquemani, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellant Mohsen Pahlavan, and Lewis Johs Avallone Aviles, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellant Mohammud Alam (one brief filed).
Heidell, Pittoni, Murphy & Bach, LLP, Garden City, NY (Daniel S. Ratner and Alejandra R. Gil of counsel), for appellant Plainview Hospital.
Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman and Merril S. Biscone of counsel), for appellant Sanjiv Sharma.
Perry Van Etten Rozanski & Kutner, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellants Vinod Gulati and Gulati & Goyal, LLP.
Joseph C. Andruzzi, Bethpage, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Plainview Hospital, the defendant Sanjiv Sharma, the defendant Elena Schmuter, the defendant Mohsen Pahlavan, the defendant Mohammud Alam, and the defendants Vinod Gulati and Gulati & Goyal, LLP, separately appeal from an order of the Supreme Court, Nassau County (Antonio Brandveen, J.), dated May 8, 2020. The order, insofar as appealed from by the defendant Plainview Hospital, denied that branch of that defendant's motion which was for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against it. The order, insofar as appealed from by the defendant Sanjiv Sharma, denied that branch of that defendant's motion which was for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against him. The order, insofar as appealed from by the defendant Elena Schmuter, denied that branch of that defendant's motion which was for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against her. The order, insofar as appealed from by the defendant Mohsen Pahlavan, denied that branch of that defendant's motion which was for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against him. The order, insofar as appealed from by the [*2]defendant Mohammud Alam, denied that branch of that defendant's motion which was for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against him. The order, insofar as appealed from by the defendants Vinod Gulati and Gulati & Goyal, LLP, denied that branch of those defendants' motion which was for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the separate motions of the defendant Plainview Hospital, the defendant Sanjiv Sharma, the defendant Elena Schmuter, the defendant Mohsen Pahlavan, the defendant Mohammud Alam, and the defendants Vinod Gulati and Gulati & Goyal, LLP, which were for summary judgment dismissing the causes of action for medical malpractice insofar as asserted against each of them are granted; and it is further,
ORDERED that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.
On July 17, 2015, Kumar Mathura (hereinafter the decedent) went to the defendant Gulati & Goyal, LLP (hereinafter the LLP), with complaints of sore throat, body aches, fever, and chills, and the defendant Vinod Gulati prescribed antibiotics. On July 21, 2015, the decedent returned to the LLP, where he was examined by the defendant Mohammud Alam. Alam referred the decedent to a nonparty hospital, which discharged the decedent after four or five hours of fluid administration.
On July 23, 2015, the decedent went to the defendant Plainview Hospital (hereinafter the hospital) with complaints of a cough and shortness of breath and was noted to have a normal temperature and to be "in no apparent distress." The defendant Mohsen Pahlavan examined the decedent and ordered intravenous antibiotics and a pulmonary consultation. The decedent was taken for chest x-rays, and the consulting pulmonologist, the defendant Sanjiv Sharma, examined the decedent and ordered tests for influenza, bacterial pneumonia, heart failure, and blood clots. On July 24, 2015, the defendant Elena Schmuter, an employee of the LLP who also practiced at the hospital, examined the decedent during her morning rounds and agreed with Pahlavan's management plan. On July 25, 2015, Pahlavan again examined the decedent during his rounds and observed that the decedent's temperature, blood pressure, and white blood cell count were normal.
On July 26, 2015, the decedent's heart rate rose to 160 beats per minute and he struggled to breathe. The hospital's rapid response team treated the decedent with a nebulizer and transferred him to the hospital's intensive care unit. The following morning, the defendant Mina Makaryus examined the decedent and noted the need for a bronchoscopy to determine the presence of other microbial organisms if the decedent's condition did not improve. On the evening of July 27, 2015, Makaryus intubated the decedent. On July 28, 2015, Makaryus observed that the decedent's x-rays continued to indicate an inflammatory pneumonia process and ordered a sputum culture, fungal culture, and viral culture. On the morning of July 29, 2015, the decedent's sputum culture indicated the presence of an aspergillus fungus. Makaryus ordered antifungal treatment at 9:30 a.m., and the decedent died at 10:10 a.m.
In June 2016, the decedent's wife, individually, and as the administrator of the decedent's estate, commenced this action against the hospital, Sharma, Schmuter, Pahlavan, Alam, Gulati, and the LLP (hereinafter collectively the appellants), and Makaryus, inter alia, to recover damages for medical malpractice. Thereafter, the hospital, Sharma, Schmuter, Pahlavan, and Alam separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. Gulati and the LLP jointly moved for summary judgment dismissing the complaint insofar as asserted against them.
In an order dated May 8, 2020, the Supreme Court, among other things, denied those branches of the appellants' separate motions which were for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against each of them. This appeal ensued.
"The essential elements of a medical malpractice cause of action are that the defendant physician deviated or departed from accepted community standards of practice and that such deviation or departure was a proximate cause of the plaintiff's injuries" (Armond v Strangio, 227 AD3d 758, 759). "Thus, a defendant moving for summary judgment dismissing a cause of action alleging medical malpractice bears the initial burden of establishing that there was no departure from accepted community standards of practice or that any alleged departure did not proximately cause the plaintiff's injuries" (id.). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Hiegel v Organe Regional Med. Ctr., 219 AD3d 910, 913).
"If the defendant makes such a showing, the burden then shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof" (Armond v Strangio, 227 AD3d at 759). "Generally, where the parties adduce conflicting competent medical expert opinions, summary judgment is not appropriate, as such credibility issues can only be resolved by the trier of fact" (id.). "'General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion'" (Corujo v Caputo, 224 AD3d 729, 730-731, quoting Myers v Ferrara, 56 AD3d 78, 84). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (McHale v Sweet, 217 AD3d 666, 668, quoting Templeton v Papathomas, 208 AD3d 1268, 1270-1271).
"'Liability for medical malpractice may not be imposed in the absence of a physician-patient relationship'" (Blau v Benodin, 190 AD3d 922, 924, quoting Thomas v Hermoso, 110 AD3d 984, 985). "'A physician-patient relationship is created when professional services are rendered and accepted for purposes of medical or surgical treatment'" (id., quoting Thomas v Hermoso, 110 AD3d at 985). "'An implied physician-patient relationship can arise when a physician gives advice to a patient, even if the advice is communicated through another health care professional'" (id., quoting Thomas v Hermoso, 110 AD3d at 985).
Here, Alam and Gulati established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging medical malpractice insofar as asserted against each of them by submitting, inter alia, the plaintiff's bill of particulars, which alleged that the malpractice occurred between July 23, 2015, and July 29, 2015, a transcript of Alam's deposition testimony that he was not aware of the decedent's hospitalization until the plaintiff called his office on July 28, 2015, at which point the decedent had been admitted to the intensive care unit, and a transcript of Gulati's deposition testimony that he was not aware of the decedent's hospitalization until after the decedent's death (see Tanzman v Ghislaine, 205 AD3d 837, 838; Johnson v Peloro, 62 AD3d 955, 956).
Furthermore, the hospital, Sharma, Schmuter, Pahlavan, and the LLC established their prima facie entitlement to judgment as a matter of law by submitting, among other things, the affirmations of their respective experts, who opined within a reasonable degree of medical certainty that Sharma, Schmuter, and Pahlavan did not depart from accepted community standards of practice during the decedent's hospitalization and that, in any event, any alleged departures were not a proximate cause of the decedent's injuries (see Torres v Yakobov, 222 AD3d 692, 693-694; Kielb v Bascara, 217 AD3d 756, 757; McHale v Sweet, 217 AD3d at 668).
In opposition, the plaintiff failed to raise a triable issue of fact. The affirmations of the plaintiff's experts were speculative and conclusory (see McHale v Sweet, 217 AD3d at 668; Templeton v Papathomas, 208 AD3d at 1271).
Accordingly, the Supreme Court should have granted those branches of the appellants' separate motions which were for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against each of them.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court